## Commonwealth v. Seely and Confer

*Thomas Boop, Assistant District Attorney*, for Commonwealth.
*Karl K. Baldys*, for defendants.

RANCK, *J.*, April 30, 1982—The within defendants have brought before the court their post-verdict motions for new trial and arrest of judgment following convictions by a jury for the following offenses: possession with intent to manufacture or deliver methamphetamine, possession with intent to manufacture or deliver marijuana, possession of methamphetamine, possession of marijuana, possession of hashish, conspiracy to manufacture or deliver methamphetamine, and conspiracy to manufacture or deliver marijuana.* Only two of these motions contain any arguable merit.

Defendants contend in their motion for arrest of judgment that the evidence was insufficient to

---

*The Controlled Substance, Drug, Device, and Cosmetic Act, (hereinafter, "the act") §§13(a)(30), 13(a)(30), 13(a)(16), 13(a)(16), 13(a)(16), The Crimes Code, §§903, and 903; 35 P.S. §§780-113(a)(30), 780-113(a)(30), 780-113(a)(16), 780-113(a)(16), 780-113(a)(16), 18 Pa.C.S.A. §§903, and 903, respectively.

sustain the verdicts of conspiracy to manufacture or deliver methamphetamine and marijuana. They further argue that §903(c) of the Crimes Code, 42 Pa.C.S.A. §903(c) barred their being tried on both of these counts. Section 903(c) states as follows:

Conspiracy with multiple criminal objectives.—If a person conspires to commit a number of crimes he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

Defendants argue that the manufacture or delivery of methamphetamine and marijuana, under the facts of this case, could only have been the subject of the same conspiracy.

At trial, the Commonwealth's evidence showed that defendants lived together in a trailer in Point Township. In the trailer police discovered numerous items of equipment as well as the raw materials and by-products necessary to the process of manufacturing methamphetamine. Two small marijuana plants were also found in the trailer. The Commonwealth's case on conspiracy rested upon the inferences of possession and agreement which necessarily would arise in the setting of two persons living in such close quarters.

The only case interpreting the requirements of §903(c) is Commonwealth v. Richbourg, 260 Pa. Super. 438, 394 A. 2d 1007 (1978). In Richbourg defendant forcibly entered an apartment of a restaurant manager and required him to relinquish the keys to the restaurant and combination to the safe. He then entered the store and took cash from the store safe. Defendant was charged, inter alia, with robbery of the apartment occupant, burglary of the restaurant, and separate counts of conspiracy to

commit both robbery and burglary. Defendant claimed the two conspiracy convictions were improper uner § 903(c), and the Superior Court agreed with this proposition, stating at 1011:

"In light of this, it is clear that both convictions for conspiracy cannot stand. It is similarly clear, however, that we may affirm the conviction for conspiracy to burglarize, the ultimate intent of appellant and his cohorts, and vacate the conviction for conspiracy to commit robbery. Such a conclusion is supported by the record of this case, which indicates that the robbery of Boehm and Finfrock to obtain the restaurant keys was only a necessary intermediate step designed to effectuate the desired end; namely the breaking of the Hardee's safe." (Footnotes omitted).

The court in Richbourg clearly considered the robbery to be a necessary ingredient to the performance of the burglary. The problem with applying Richbourg to the instant case is that here the two crimes underlying the conspiracy charges are not necessarily dependent on one another. One can certainly manufacture methamphetamine independently of manufacturing marijuana. However, this is not to say that the two could not be the subject of the same conspiracy, and it is for this reason that defendants' argument on this point is meritorious.

Section 903(c) prohibits the conviction for multiple conspiracy counts when the underlying crimes are the subject of one agreement. Thus, if the Commonwealth desires to convict a defendant on more than one conspiracy charge, it must prove beyond a reasonable doubt that the two offenses are *not* the subject of the same agreement. This was not done in Richbourg, and the Commonwealth has

failed to do so in the instant case. The record at trial is devoid of any evidence which would support an inference of separate agreements, and in fact, the circumstantial way in which the Commonwealth built its case on the conspiracy counts is more probative of a finding that the crimes were the subject of one conspiracy, that to manufacture controlled substances.

This conclusion does not require the arrest of judgment of both convictions. There existed sufficient evidence to sustain the conviction for either conspiracy charge independent of the other and the jury returned verdicts of guilty for each. Section 903(c) renders this state of affairs illegal but it clearly does not require the two convictions to cancel out each other or otherwise require that they both be dismissed. Conspiracy is to be graded by reference to the most serious crime which was the object of the agreement. 18 Pa.C.S.A. §905(a). The penalty for the manufacture of methamphetamine is a maximum of ten years imprisonment and a $100,000 fine compared to that for the manufacture of marijuana, which is a maximum of five years and a $15,000 fine. Sections 13(f)(1.1) and 13(f)(2), 35 P.S. §§780-113(f)(1.1) and 780-113(f)(2). Given the spirit of §905(a) and the requirements of §903(c), judgment will be arrested as to Count VII, conspiracy to manufacture or deliver marijuana, for each defendant. We do this for the reason that the Commonwealth's evidence is insufficient to sustain the verdicts on both conspiracy counts under §903(c). We reject the argument raised that §903(c) should prevent a trial on both counts.

Defendants have also contended that judgment should be arrested as to the charge of possession

with intent to manufacture marijuana. This argument is based on the apparent inconsistent treatment of the offenses of possession of a small amount of marijuana, §13(a)(31) of the act, 35 P.S. §780-113(a)(31), and possession with intent to manufacture marijuana, §13(a)(30) of the act, 35 P.S. §780-113(a)(30). The inconsistency identified by defendants is that *possession* of a small amount of marijuana is punishable as a misdemeanor by no more than 30 days in jail and a $500 fine, §13(g) of the act, 35 P.S. §780-113(g), while the *manufacture* of even a small amount of marijuana is punishable as a felony by a maximum of five years in jail and a $15,000 fine, §13(f)(2) of the act, 35 P.S. §780-113(f)(2). While this disparate treatment may indeed be something defendants understandably bemoan, nevertheless their argument is with the legislature and not with the courts.

When interpreting a statute the primary end is to " . . . ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. §1921(a). In doing so we are bound by the literal words of the statute when they are " . . . clear and free from all ambiguity." 1 Pa.C.S.A. §1921(b). Given these rules of statutory construction as the boundaries of permissible interpretation, the fact that the manufacture of marijuana is treated more harshly than the simple possession of an identical amount is not a ground for altering what we consider to be the plain meaning of the statute. Moreover, it seems clear that the different treatments stem from the legislative determination that the manufacture of a controlled substance is a greater harm to society than simple possession of it. Compare the penalties for violations of §13(a)(16) of the act, 35 P.S. §780-113(a)(16), with §13(a)(30) of the act, 35 P.S.

§780-113(a)(30). In accord with this result is Commonwealth v. Winn, 5 D. & C. 3d 257 (1977).

We therefore enter the following

## ORDER

And now, April 30, 1982, after due consideration of the written and oral arguments of counsel, it is hereby ordered and directed that:

1. Defendant's motion in arrest of judgment as to count VII of the information, conspiracy with intent to manufacture marijuana, is sustained on the grounds that the evidence was insufficient to sustain the verdict.

2. All other post-verdict motions for new trial and arrest of judgment are denied.

3. Sentencing will be scheduled upon completion of a pre-sentence investigation report.